```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JEREMY CANTRELL CONN,**

                     **Plaintiff,**

                                                        CIVIL ACTION
      vs.                                               No. 04-3212-GTV

**JACKSON COUNTY DETENTION CENTER, et al.,**

                     **Defendants.**

## ORDER

    Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983, seeking damages on claims that he was deprived his constitutional rights while confined as a pretrial detainee in the Jackson County Jail in Holton, Kansas.  The court directed plaintiff to show cause why the complaint should not be dismissed because plaintiff failed to name any proper defendant in the complaint.  In response, plaintiff filed an amended complaint that now names Captain James Gilchrist and Sheriff Deputies Timms and Jornov as defendants.

    In the amended complaint, plaintiff claims he and other prisoners were denied adequate toilet paper which resulted in plaintiff and others spreading feces on the shower walls on two separate dates.  Plaintiff next claims an unidentified officer opened a sealed legal envelope plaintiff had handed him for mailing, and that no law library was available for legal research.  Finally, plaintiff claims that he was subjected to the second hand smoke of Officers Timms and Jornov each way during a two to three hour transport, and that all prisoners in the facility are subjected to the second hand smoke of trustees and staff who smoke in the inmate

recreation area.

*Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) enacted in 1996 mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires prisoner to exhaust administrative remedies irrespective of the relief sought or offered through administrative channels. Booth v. Churner, 532 U.S. 731 (2001). Prisoners bear the burden of demonstrating their compliance with this statutory requirement. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).

In the present case, plaintiff documents a jail grievance regarding inadequate toilet paper, but identifies no grievances filed on his remaining claims. This is insufficient. Full exhaustion of all claims in the complaint is required. *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion"on all claims presented by a prisoner). A complaint filed by a prisoner that contains a mixture of exhausted and unexhausted claims is to be dismissed. Id. Accordingly, absent supplementation of the amended complaint to make such a showing, the court finds plaintiff's amended complaint is subject to being dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

*Constitutional Claims*

The court also finds the amended complaint is subject to being summarily dismissed because plaintiff's allegations state no claim for relief, notwithstanding plaintiff's failure to demonstrate full exhaustion of administrative remedies.  "The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief an be granted, or seeks monetary relief from a defendant who is immune from such relief."  42 U.S.C. § 1997e(c)(1).  "In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."  42 U.S.C. § 1997e(c)(2).

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff's allegations present no such claim of constitutional significance.

Cruel and Unusual Punishment

The Eighth Amendment entitles prisoners to "humane conditions of confinement guided by 'contemporary standards of decency.'"  Penrod v. Zavaras, 94 F.3d 1399, 1405 (10th Cir. 1996)(*quoting* Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  To state a claim under

3

the Eighth Amendment, plaintiff must show that the challenged state action denied him "the minimal civilized measure of life's necessities" and that state actors showed "deliberate indifference" to plaintiff's needs. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Plaintiff's allegations of being denied adequate toilet paper are insufficient to satisfy either component of this constitutional standard.[1] Plaintiff acknowledges that he and other prisoners at the facility were each given a roll of toilet paper twice a week, but simply states this was inadequate for his personal needs. Plaintiff also notes that extra toilet paper would be provided if there was a medical need, but that he had no such medical need.

Nor are plaintiff's allegations of being exposed to second hand smoke sufficient to state a cognizable constitutional claim. Although pervasive exposure to air pollution, such as the secondhand smoke in Helling v. McKinney, 509 U.S. 25, 35 (1993), can be objectively unreasonable, the failure to provide an environment "completely free from pollution or safety hazards" is not actionable under the Eighth Amendment, Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001). Here, the single instance of plaintiff's prisoner transport, and plaintiff's broad claim that smoking occurred in a recreational area, fall far short of establishing either exposure to unreasonably high levels of second hand smoke contrary to contemporary standards at the time, or any deliberate indifference to plaintiff's health and safety.

Access to the Courts

---

[1] See Barrie v. Grand County, Utah, 119 F.3d 862, 868-69 (10th Cir. 1997)(same standard applies to cruel and unusual punishment claims brought by pretrial detainees).

Likewise, plaintiff's allegations of one piece of outgoing legal mail being opened, and the lack of a law library at the jail, are insufficient to state a claim of constitutional deprivation. Plaintiff has a constitutional right of access to the courts. <u>Carper v. Deland</u>, 54 F.3d 613, 616 (10th Cir. 1995)(*citing* <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977))  This right of meaningful access also extends to prisoners confined in county jails. <u>Love v. Summit County</u>, 776 F.2d 908, 912 (10th Cir. 1985), cert. denied, 479 U.S. 814 (1986).

It is recognized that prison authorities are required "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). Additionally, prison officials are prohibited from affirmatively hindering a prisoner's efforts to construct a nonfrivolous appeal or claim, including the improper destruction of a prisoner's legal materials. <u>Green v. Johnson</u>, 977 F.2d 1383, 1389-90 (10th Cir. 1992).

To state a valid claim, however, a prisoner must demonstrate an actual injury that impaired his efforts to pursue such a legal claim. <u>Lewis</u>, 518 U.S. at 351. Plaintiff's allegations include no such showing.

*Show Cause Order to Plaintiff*

Accordingly, for the reasons stated herein, the court directs plaintiff to show cause why this action should not be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) based on plaintiff's apparent failure to exhaust administrative remedies on all claims presented in the amended complaint.

5

Additionally, plaintiff is directed to show cause why the amended complaint should not be dismissed as stating no claim for relief.  *See* 28 U.S.C. 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  Plaintiff is advised that dismissal of the amended complaint as stating no claim for relief will count as "strike" for purposes of the "three-strike" provision in § 1915(g) which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be dismissed for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED:  This 10th day of August 2006 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

6