IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY CANTRELL CONN,

              Plaintiff,

                                                CIVIL ACTION
     vs.                                        No. 04-3212-SAC

JACKSON COUNTY DETENTION CENTER, et al.,

              Defendants.

ORDER

     Plaintiff proceeds pro se and in forma pauperis on an amended complaint under 42 U.S.C. § 1983, seeking damages on claims that he was deprived his constitutional rights while confined as a pretrial detainee in the Jackson County Jail in Holton, Kansas.

     Plaintiff claims he and other prisoners were denied adequate toilet paper which resulted in plaintiff and others spreading feces on the shower walls on two separate dates. Plaintiff next claims an unidentified officer opened a sealed legal envelope plaintiff had handed him for mailing, and that no law library was available for legal research. Finally, plaintiff claims he was subjected to second hand smoke during each way of a two to three hour transport by Officers Timms and Jornov.

     By an order dated August 10, 2006, the court directed plaintiff to show cause why the amended complaint should not be dismissed, in

part,[1] as stating no claim for relief notwithstanding plaintiff's failure to fully exhaust administrative remedies on all three claims.  *See* 42 U.S.C. § 1997e(c)(1)and (2).

Specifically, the court found plaintiff's allegations of insufficient toilet paper failed to demonstrate that he was denied "the minimal civilized measure of life's necessities" or that state actors showed "deliberate indifference" to his needs.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Next, the court found plaintiff's allegations of exposure to second hand smoke fell fall far short of establishing either any exposure to unreasonably high levels of second hand smoke contrary to contemporary standards at the time, or any deliberate indifference to plaintiff's health and safety.  Helling v. McKinney, 509 U.S. 25 (1993); Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001).  Finally, the court found plaintiff's allegations regarding the handling of his legal mail and the lack of a law library at the county jail stated no claim for relief because

---

[1] The court also directed plaintiff to show cause why the complaint should not be dismissed pursuant to 42 U.S.C. § 1997e(a) and controlling circuit precedent at that time, based on plaintiff's failure to demonstrate any exhaustion of administrative remedies on his second and third claims.  *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), *cert. denied* 543 U.S. 925 (2004), *and* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004).

In a response filed August 28, 2006, plaintiff supplemented the record to provide documentation regarding his exhaustion of administrative remedies on his second claim, and sought the voluntary dismissal of his third claim.  Subsequently, the Supreme Court vacated both the pleading requirement in Steele, and the total exhaustion rule in Ross.  *See* Jones v. Bock, --- U.S. ----, 127 S.Ct. 910 (Jan. 22, 2007).

plaintiff identified no actual injury that resulted.  <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).

In response, plaintiff focuses on his claim that staff violated jail policy and rules by requiring legal mail to be submitted unsealed for inspection prior to mailing.  Plaintiff contends the single letter at issue was wrongfully handled, and believes it was never delivered to his attorney because his attorney did not respond to plaintiff's request for advice.  As a result, plaintiff states he incorrectly submitted claims in his direct appeal that should have been presented through a motion filed under 28 U.S.C. § 2255, and contends he thus lost his right to assert meritorious issues in his criminal case.

Having examined this response in light of the instant record and plaintiff's litigation in the federal courts, the court remains convinced that no constitutional claim of interference with plaintiff's right of access to the courts is stated.  Plaintiff was represented by counsel during his direct appeal, and makes no showing that the alleged mishandling of his letter to his attorney interfered with his efforts to pursue a nonfrivolous legal claim.[2]

Accordingly, for the reasons stated herein and in the show

---

[2] Court records disclose that plaintiff pled guilty to federal drug charges in the District of Nebraska, and was sentenced on June 14, 2004.  <u>United States v. Conn</u>, D.Neb. Case No. 03-CR-368.  His attorney filed a notice of appeal on June 22, 2004. Plaintiff filed the instant civil rights action in this court approximately two weeks later.  On January 19, 2005, the Eighth Circuit Court of Appeals affirmed petitioner's conviction and sentence, finding no nonfrivolous issues raised in petitioner's pro se supplemental brief, or in counsel's brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967).

cause order entered on August 10, 2006, the court concludes the amended complaint should be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that the amended complaint is dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 20) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 13th day of July 2007 at Topeka, Kansas.

  s/  Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge